UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KATHLEEN SHANLEY,
o/b/o E.K.S.,

                      Plaintiff,

    v.                                      **DECISION AND ORDER**
                                                    18-CV-789

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

## INTRODUCTION

Plaintiff, on behalf of her minor child, E.K.S., challenges an Administrative Law Judge's ("ALJ") determination that E.K.S. is not entitled to benefits under the Social Security Act ("the Act"). Plaintiff alleges that E.K.S. has been disabled since his April 25, 2013 birth, due to congenital scoliosis, congenital hemi vertebra, hypertrophic cardiomyopathy, torticollis, hearing loss, and scoliosis. Tr.[1] at 189, 193. Plaintiff alleges that the decision of ALJ William M. Manico is not supported by competent medical opinion evidence and that the Appeals Council erred in rejecting evidence of E.K.S.'s deficits clearly related to the relevant time period. Presently before this Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 8, 12. For the reasons set forth below, this Court finds that the Appeals Council erred in declining to consider the new evidence. Thus, Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is GRANTED to the extent it seeks remand, and the Commissioner's motion (Dkt. No. 12) is DENIED.

---

[1] "Tr." refers to the Social Security Transcript which appears at Docket No. 7.

**PROCEDURAL HISTORY**

On January 6, 2015, Plaintiff filed an application for Supplemental Security Income (SSI) benefits for E.K.S., which the Commissioner of Social Security denied. Tr. at 93-106, 189, 193. Upon Plaintiff's request, the ALJ held an administrative hearing on February 27, 2017, at which E.K.S.'s mother and another witness testified. Tr. at 59-92. Plaintiff was represented by an attorney. *Id.* On May 9, 2017, the ALJ issued a decision finding that E.K.S. was not disabled. Tr. at 8-32. Plaintiff requested review, submitting additional evidence relating to E.K.S.'s medical conditions, which the Appeals Council declined to consider after finding it "does not relate to the period at issue." Tr. at 2. Plaintiff thereafter filed the current action challenging the ALJ's final decision to the United States District Court for the Western District of New York. Dkt. No. 1. On April 16, 2019, Plaintiff filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. No. 8. Defendant moved for the same relief on July 11, 2019. Dkt. No. 12.

**DISCUSSION**

**Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the district court must only decide whether the Commissioner applied the appropriate legal standards in evaluating the plaintiff's claim, and whether the Commissioner's findings were supported by substantial evidence in the record. *See Mongeur v. Heckler,* 722 F.2d 1033, 1038 (2d

Cir. 1983). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the Court finds no legal error, and determines that there is substantial evidence for the Commissioner's determination, the decision must be upheld, even if there is also substantial evidence for the plaintiff's position. *See Perez v. Chater,* 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**Standard for Disabled Child's SSI Benefits**

An individual under the age of 18 is considered disabled when he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has established a three-step sequential evaluation process to determine whether a child is disabled as defined under the Act. *See* 20 C.F.R. §§ 416.924 (a)-(d). First, the ALJ determines whether the child is engaged in any substantial gainful activity. 20 C.F.R. § 416.924(b). Second, if the child is not engaged in any substantial gainful activity, the ALJ determines whether the child has a medically severe impairment or combination of impairments that cause "more than a minimal functional limitation." 20 C.F.R. § 416.924(c). Third, the ALJ determines whether

the child's severe impairment(s) meets, medically equals, or functionally equals the criteria of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). *See Conlin*, 111 F. Supp. 3d at 384-85.

Where an impairment medically meets or equals a listed impairment, the child will be found disabled. 20 C.F.R. § 416.924(d)(1). If a child's impairment or combination of impairments does not meet or equal a listed impairment, the ALJ must assess all functional limitations caused by the child's impairments in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926(a), (b)(1). A child is classified as disabled if he or she has a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. §§ 416.926a(d). "A 'marked' limitation exists when the impairment 'interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities.'" *Hart v. Colvin,* No. 12-CV-1043-JTC, 2014 WL 916747, at *3 (W.D.N.Y. Mar. 10, 2014) (citing 20 C.F.R. § 416.926a(e)(2)(i)). "An 'extreme' limitation is an impairment which 'interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities.'" *Id.* (citing 20 C.F.R. § 416.926a(e)(3)(i)).

## ANALYSIS

Applying the three-step evaluation, the ALJ determined that: (1) E.K.S. (who was currently a preschooler) had not engaged in substantial gainful activity since January 6, 2015, the application date (Tr. at 14); (2) E.K.S.'s hypertrophic cardiomyopathy,

4

scoliosis, speech articulation disorder, and attention deficit disorder ("ADHD") were severe impairments (Tr. at 14); and (3) E.K.S. did not have an impairment or combination of impairments that met or medically equaled an impairment contained in the Listing of Impairments (Tr. at 15). Assessing the impact of E.K.S.'s impairments in the six relevant domains, the ALJ determined that E.K.S. had a "less than marked" limitation in the domains of attending and completing tasks and interacting and relating to others, and "no limitation" in the domains of acquiring and using information, moving about and manipulating objects, the ability to care for himself, and health and physical well-being. Tr. at 15-26. Thus, the ALJ concluded that E.K.S. was not disabled and was not entitled to benefits. Tr. at 26-27.

**The Appeals Council's Review**

"When reviewing a denial of DIB, the Appeals Council must consider additional evidence that a claimant submits after the ALJ's decision if it is new, material, and relates to the period on or before the ALJ's decision." *Webster v. Colvin*, 215 F. Supp. 3d 237, 242 (W.D.N.Y. 2016) (citing 20 C.F.R. §§ 404.970(b)). Plaintiff argues that remand is required because the Appeals Council erroneously declined to consider new evidence that related to the same conditions he previously complained of, specifically, hypertrophic cardiomyopathy and ADHD. Dkt. No. 8-1, p. 25-26.[2] Plaintiff argues primarily that it was erroneous for the Appeals Council to reject a letter from Dr. David Breen, E.K.S.'s treating physician since birth, as well as supporting medical and

---

[2] Plaintiff argues that the Commissioner's decision should be reversed on other grounds as well. Dkt. No. 8-1, pp. 18-25. Because this Court finds that remand is warranted on the Appeals Council's error, it need not reach these additional arguments.

educational records. Tr. 43, 50-58. In his letter, Dr. Breen disagreed with the ALJ's determination that E.K.S. was "not seriously enough impaired to deserve Social Security support . . ." Tr. at 46. The doctor explained:

> [E.K.S.] is a very complicated young man with many abnormalities that require full-time support by his family. He was born the infant of a diabetic mother. He had a ten-day stay in the Neonatal Intensive Care Unit with congenital anomalies involving orthopedic and cardiac abnormalities. He has gone on to develop ADHD with inattention, hyperactivity and insomnia. . . . He has developed gross motor and speech delay. He has a congenital orthopedic condition involving a spine malformation including hemi-vertebra torticollis which is a condition involving his neck and upper extremities and congenital scoliosis. He has had congenital dysfunction of his eustachian tubes involving his inner ear which has required surgery with tube placement to improve his hearing.
>
> He has required speech therapy and physical therapy and placement in a center for children with multiple special needs. . . . He sees specialists in cardiology, orthopedics and developmental pediatrics at the University of Rochester Medical Center. He is currently under treatment for attention deficit disorder with stimulant medication including dexmethylphenidate which is a medication to improve his attention and behavior. He is currently responding to those treatments which is a positive development. He will require years of ongoing oversight.
>
> [E.K.S.] has been evaluated at my office where I specialize in children with developmental disabilities, mental health conditions and attention deficit disorder. It has been previously impossible to treat him with stimulant medication for ADHD because of his cardiac condition. His medications for control of his cardiomyopathy and septal hypertrophy include Propranolol which is a medication to limit heart rate and blood pressure and, for this reason, he sees the pediatric cardiology staff on a regular basis. He recently underwent an MRI scan with testing to improve understanding of his cardiac function which will continue to require treatment and monitoring for years to come.
>
> This child's urologic, cardiac and orthopedic conditions are not based on my opinions, they are documented in the reports I have enclosed. I would add that his hyperactivity, insomnia and inattention, while they are well documented, reflect a diagnosis of attention deficit disorder which is a clinical diagnosis that is not proven by any technology currently available. It is, however, supported and documented by the specialists in developmental and

6

behavioral pediatrics at the University of Rochester and that report is
enclosed as well.

Tr. at 46-47.

In an attached October 2, 2017 report, Carol Wittlieb-Weber, MD, of the Children's Heart Center at the University of Rochester Medical Center diagnosed E.K.S. with hypertrophic cardiomyopathy (with a confirmed mutation in his MYBPC3 gene) and severe septal hypertrophy, a thickening of the heart wall that can cause arrythmia. These diagnoses were based on her analysis of various tests, some which pre-dated and some which post-dated the ALJ's decision, including an EKG (10/2/2017), Cardiac Event Recorder (2/2017), Echocardiogram (1/2017), Cardiac MRI (6/5/2015), and Holter Monitoring (11/25/2014). Tr. at 54-58.

In declining to hear this additional evidence, the Appeals Council stated:

> You submitted educational records dated October 27, 2017 from Canaseraga Central School (2 pages); medical evidence dated September 4, 2017 from David Breen, M.D. (4 pages); and medical evidence dated October 2, 2017 from UR Medicine (10 pages). The Administrative Law Judge decided your case through May 9, 2017. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 9, 2017. . . . if you want us to consider whether you were disabled beginning on or before May 9, 2017, you need to apply again.

(Tr. at 2.)

This Court finds that the Appeals Council erred in summarily rejecting Dr. Breen's letter and the supporting reports simply because they were prepared after the ALJ's decision, and that the new evidence is, in fact, probative of E.K.S.'s deficits during

7

the relevant period.  The Second Circuit Court of Appeals has held that "evidence generated after an ALJ's decision cannot be deemed irrelevant solely because of timing." *Carrera v. Colvin*, No. 1:13-cv-1414 (GLS/ESH), 2015 WL 1126014, at *8 (N.D.N.Y. Mar. 12, 2015) (citing *Newbury v. Astrue,* 321 Fed. App'x 16, 18 n.2 (2d Cir. 2009) (summary order)).  Consistent with this reasoning, "categorical refusal to consider new and material evidence solely because it was created after the date of the administrative law judge's decision can constitute reversible error."  *Id.* (citing *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) ("Although the new evidence consists of documents generated after the ALJ rendered his decision, this does not necessarily mean that it had no bearing on the Commissioner's evaluation of [the claimant's] claims.  To the contrary, the evidence directly supports many of her earlier contentions regarding [the] condition.  It strongly suggests that, during the relevant time period, [her] condition was far more serious than previously thought[.]")).

Moreover, "[a]dditional evidence may relate to the relevant time period even if it concerns events after the ALJ's decision, provided the evidence pertains to the same condition previously complained of by the plaintiff."  *Hightower v. Colvin*, No. 12-CV-6475T, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013).  In E.K.S.'s case, Dr. Breen's letter, although dated after the ALJ's decision, was clearly retrospective, in that it explained that prior to the ALJ's decision, it had been impossible to treat E.K.S. with stimulant medication for ADHD because of his cardiac condition.  Dr. Breen's letter explained how E.K.S.'s various conditions interacted with one another,  giving insight into how his collective impairments affected his ability to function in the relevant domains.  In this

8

regard, the letter provided critical context that would have been relevant to the ALJ's decision, especially because the ALJ gave only "limited weight" to Dr. Breen's opinion that E.K.S. had "marked limitations" because it "was not supported by any analysis."[3] Tr. at 19. If the ALJ gave Dr. Breen's opinion controlling weight consistent with the treating physician's rule, the ALJ could have found "marked" limitations in at least two domains of functioning, which would have resulted in a finding of disability. 20 C.F.R. §§ 416.926a(d). Accordingly, this matter must be remanded to the Commissioner for reconsideration in light of the new evidence. *See Webster v. Colvin*, 215 F. Supp. 3d 237, 243 (W.D.N.Y. 2016).

## CONCLUSION

For the foregoing reasons, the Court finds that the Appeals Council erroneously refused to consider evidence submitted after the ALJ's decision. Accordingly, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED to the extent that it seeks remand, and the Commissioner's Cross-Motion for Judgment on the Pleadings

---

[3] The Commissioner argues that Dr. Breen's post-hearing letter did not constitute a medical opinion, because it provided no information about the activities E.K.S. could still perform, and thus, was properly rejected. Dkt. No. 12-1, pp. 17-18. This Court does not agree. In fact, Dr. Breen's letter provides narrative support for his September 14, 2016 RFC form in which he opined that E.K.S. had "marked" inattention, impulsiveness, hyperactivity, impairment in age-appropriate cognitive/communicative function, impairment in age-appropriate social functioning, impairment in age-appropriate personal functioning, and difficulties in maintaining concentration, persistence or pace. Tr. at 700-101. The ALJ criticized Dr. Breen's opinions as "not supported with any analysis," Tr. at 19, even though "check-the-box" forms are not, as a legal matter, considered any less reliable than any other type of form." *Czerniak v. Berryhill*, 17-CV-6123 (JWF), 2018 WL 3383410, at *3 (W.D.N.Y. July 11, 2018) ("In the context of a busy treating physician who has seen a claimant multiple times and who maintains office notes and test results to support the opinions expressed, the use of a checked box format is hardly surprising and certainly not disqualifying. Moreover, if the ALJ felt the form lacked sufficient "narrative," he could have contacted [the doctor] and requested additional information.")

(Docket No. 13) is DENIED.  The Clerk of Court is directed to close this case.


SO ORDERED.


DATED:   Buffalo, New York
         March 16, 2020


                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**